PEOPLE, PLAINTIFF AND APPELLEE, *v.* CARTAGENA, DEFENDANT
AND APPELLANT.

APPEAL from the District Court of Ponce in a Prosecution
for Assault and Battery.

No. 1922.—Decided May 8, 1922.

PLEADING—COMPLAINT.—A complaint which is drafted in concise and ordinary
language following the wording of the statute is sufficient.

ID.—ID.—ASSAULT AND BATTERY.—In a complaint for aggravated assault and
battery wherein the aggravating circumstance was that of subdivision 1 of
section 6 of the law defining assault and battery, such circumstance was
sufficiently set forth by the complainant's statement that " * * * know-
ing that I was a uniformed policeman in the discharge of my official duties."

The facts are stated in the opinion.

*Mr. L. Tormes* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the
court.

This case comes up on appeal from the District Court of
Ponce. The defendant was convicted by that court of the
crime of aggravated assault and battery.

The complaint in this case is as follows:

"That at the hour of 6:30 p. m. on December 24, 1921, on Isa-
bel Street of the city of Ponce, within the Municipal Judicial Dis-
trict of Ponce, P. R., the said defendant, Jesús Cartagena, unlaw-
fully, wilfully, maliciously and with criminal intent, and knowing
that I was a uniformed policeman in the discharge of my official
duties, assaulted and battered me with a stone and with his fists,
inflicting one severe blow upon my left cheek, another upon my
right eye and another upon my left wrist, for which I was treated
at the Tricoche Hospital by Galileo Rámírez, a practitioner."

The appellant did not appear at the hearing nor bring
up a statement of the case, but he filed a brief wherein he
alleges as his sole ground of appeal that the district court
erred in convicting him of the crime of aggravated assault

and battery when the complaint does not state facts sufficient to support the judgment. This same plea was set up in the trial court.

The defendant was convicted under subdivision 1 of section 6 of the Act defining aggravated assault and battery of March 10, 1904, which reads as follows:

"Sec. 6.—An assault and battery becomes aggravated when committed under any of the following circumstances:

"1. When committed upon an officer in the lawful discharge of the duties of his office, if it was known or declared to the offender that the person assaulted was an officer discharging an official duty; * * * "

We may say that the complaint is drawn in concise and ordinary language and in that sense follows the statute. A complaint made in this form contains all of the requirements of subdivision 1 of said section 6 and that is sufficient.

The case cited by the appellant, *People* v. *López,* 26 P. R. R. 73, can not be compared with the present case as similar to it. On the contrary, the theory developed by this court in that case had reference to the omission to allege in the information that the detective who made the arrest was an officer of the law in the discharge of his official duties, and that very requisite is present, following the wording of the statute, in the complaint in this case.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.